IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

AMERICAN ZURICH INSURANCE COMPANY, )
          )
    Plaintiff,        )
          )
v.          )   Case No. 1:20-cv-24442
          )
BRIGHTVIEW LANDSCAPE SERVICES, INC., )
and ALONZIE WIGGINS,      )
    Defendants.      )
_____)

**COMPLAINT FOR DECLARATORY JUDGMENT**

Pursuant to FED. R. CIV. P. 57 and 28 U.S.C. § 2201, Plaintiff, AMERICAN ZURICH INSURANCE COMPANY ("AZIC"), respectfully submits this Complaint for Declaratory Judgment against Defendants, BRIGHTVIEW LANDSCAPE SERVICES, INC. ("BRIGHT VIEW") and ALONZIE WIGGINS ("WIGGINS"), and states as follows:

**Parties, Jurisdiction, and Venue**

1. AZIC is an Illinois corporation engaged in the insurance business with a statutory home office and its principal place of business located at 1299 Zurich Way, Schaumburg, Illinois 60196. AZIC is authorized to transact business and has transacted business in the State of Florida.

2. WIGGINS is a resident and citizen of the State of Florida.

3. BRIGHT VIEW is a Florida Corporation with its principal place of business in the State of Pennsylvania and authorized to do business in the State of Florida.

4. This court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because of the complete diversity of citizenship between Plaintiff and Defendants, and the amount in controversy exceeds $75,000 exclusive of interest and costs.

1

Confidential \ Non Personal Data

5. Venue is proper before this Court pursuant to 28 U.S.C. § 1391.

**Factual Background**

6. AZIC issued a Workers Compensation and Employers Liability Insurance Policy designated by Policy # WC 4664773-04, with effective dates from June 30, 2015 through June 30, 2016 (the "Policy") to non-party Personnel Staffing Group, LLC ("PSG"). A true and correct copy of the Policy is attached hereto as Exhibit "A".

7. The Policy, by its terms, extended to certain clients of PSG.

8. WIGGINS was an employee of PSG placed with BRIGHT VIEW in accordance with the terms of a Service Agreement between PSG and BRIGHT VIEW dated February 26, 2015 (the "Service Agreement"). A true and correct copy of the Service Agreement is attached hereto as Exhibit "B".

9. On August 6, 2015, WIGGINS fell from a lawnmower and severely lacerated his foot.

10. AZIC paid workers' compensation benefits to WIGGINS.

11. On December 8, 2017, WIGGINS brought suit against BRIGHT VIEW arising from BRIGHT VIEW's alleged negligence in maintaining the equipment that WIGGINS was using on August 6, 2015, captioned *Alonzie Wiggans v. BrightView Landscape Services, Inc.*, and assigned Case No.: CACE 17-21790 pending in the Circuit Court in and for Broward County, Florida (the "Underlying Suit"). A true and correct copy of the Underlying Suit is attached hereto as Exhibit "C".

12. BRIGHT VIEW was served in the Underlying Suit on or about December 26, 2017.

Confidential \ Non Personal Data

13. BRIGHT VIEW never responded to the Complaint in the Underlying Suit, and a default judgment was entered against BRIGHT VIEW on March 23, 2018. A true and correct copy of the Default is attached hereto as Exhibit "D".

14. On or about August 21, 2019, a jury trial was held in the Underlying Suit, and WIGGINS was awarded $2,587,000 against BRIGHT VIEW. The judgment was amended to $2,516,301.70 by the court. A true and correct copy of the Final Judgment against BRIGHT VIEW from the Underlying Suit is attached hereto as exhibit "E".

15. On or about October 18, 2019, BRIGHT VIEW filed its Motion to Vacate Judgment in the Underlying Suit. A true and correct copy is attached hereto as Exhibit "F". The Motion included a sworn statement on behalf of BRIGHT VIEW, acknowledging that it was served in the Underlying Suit and that it failed to respond to the Complaint. *Id*.

16. BRIGHT VIEW failed to promptly notify AZIC of the Underlying Suit, only notifying AZIC long after the jury verdict, final judgment, and its attempt to vacate final judgment.

**The Policy**

17. The Policy states in relevant part as follows:

**WORKERS COMPENSATION AND EMPLOYERS
LIABILITY INSURANCE POLICY**

\*\*\*

PART TWO
EMPLOYERS LIABILITY INSURANCE

A. How This Insurance Applies
This employers liability insurance applies to bodily injury by accident or bodily injury by disease. Bodily injury includes resulting death.

Confidential \ Non Personal Data

1. The bodily injury must arise out of and in the course of the injured employee's employment by you.

2. The employment must be necessary or incidental to your work in a state or territory listed in Item 3.A. of the Information Page.

3. Bodily injury by accident must occur during the policy period.

4. Bodily injury by disease must be caused or aggravated by the conditions of your employment. The employee's last day of last exposure to the conditions causing or aggravating such bodily injury by disease must occur during the policy period.

5. If you are sued, the original suit and any related legal actions for damages for bodily injury by accident or by disease must be brought in the United States of America, its territories or possessions, or Canada.

B. We Will Pay

We will pay all sums that you legally must pay as damages because of bodily injury to your employees, provided the bodily injury is covered by this Employers Liability Insurance. The damages we will pay, where recovery is permitted by law, include damages:

1. For which you are liable to a third party by reason of a claim or suit against you by that third party to recover the damages claimed against such third party as a result of injury to your employee;

2. For care and loss of services; and

3. For consequential bodily injury to a spouse, child, parent, brother or sister of the injured employee; provided that these damages are the direct consequence of bodily injury that arises out of and in the course of the injured employee's employment by you; and

4. Because of bodily injury to your employee that arises out of and in the course of employment, claimed against you in a capacity other than as employer.

C. Exclusions

This insurance does not cover:

4

Confidential \ Non Personal Data

1. Liability assumed under a contract. This exclusion does not apply to a warranty that your work will be done in a workmanlike manner;

2. Punitive or exemplary damages because of bodily injury to an employee employed in violation of law;

3. Bodily injury to an employee while employed in violation of law with your actual knowledge or the actual knowledge of any of your executive officers;

4. Any obligation imposed by a workers compensation, occupational disease, unemployment compensation, or disability benefits law, or any similar law;

5. Bodily injury intentionally caused or aggravated by you;

6. Bodily injury occurring outside the United States of America, its territories or possessions, and Canada. This exclusion does not apply to bodily injury to a citizen or resident of the United States of America or Canada who is temporarily outside these countries;

7. Damages arising out of coercion, criticism, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination against or termination of any employee, or any personnel practices, policies, acts or omissions;

***

D. We Will Defend
We have the right and duty to defend, at our expense, any claim, proceeding or suit against you for damages payable by this insurance. We have the right to investigate and settle these claims, proceedings and suits. We have no duty to defend a claim, proceeding or suit that is not covered by this insurance. We have no duty to defend or continue defending after we have paid our applicable limit of liability under this insurance.

***

PART FOUR
YOUR DUTIES IF INJURY OCCURS

Tell us at once if injury occurs that may be covered by this policy. Your other duties are listed here.

5

Confidential \ Non Personal Data

> 1. Provide for immediate medical and other services required by the workers compensation law.
> 2. Give us or our agent the names and addresses of the injured persons and of witnesses, and other information we may need.
> 3. Promptly give us all notices, demands and legal papers related to the injury, claim, proceeding or suit.
> 4. Cooperate with us and assist us, as we may request, in the investigation, settlement or defense of any claim, proceeding or suit.
> 5. Do nothing after an injury occurs that would interfere with our right to recover from others.
> 6. Do not voluntarily make payments, assume obligations or incur expenses, except at your own cost.

18. The Policy is modified by the Alternate Employer Endorsement as follows:

### ALTERNATE EMPLOYER ENDORSEMENT

This endorsement applies only with respect to bodily injury to your employees while in the course of special or temporary employment by the alternate employer in the state named in Item 2 of the Schedule. Part One (Workers Compensation Insurance) and Part Two (Employers Liability Insurance) will apply as though the alternate employer is insured. If an entry is shown in Item 3 of the Schedule the insurance afforded by this endorsement applies only to work you perform under the contract or at the project named in the Schedule.

Under Part One (Workers Compensation Insurance) we will reimburse the alternate employer for the benefits required by the workers compensation law if we are not permitted to pay the benefits directly to the persons entitled to them.

The insurance afforded by this endorsement is not intended to satisfy the alternate employer's duty to secure its obligations under the workers compensation law. We will not file evidence of this insurance on behalf of the alternate employer with any government agency.

We will not ask any other insurer of the alternate employer to share with us a loss covered by this endorsement.

Premium will be charged for your employees while in the course of special or temporary employment by the alternate employer.

Confidential \ Non Personal Data

> The policy may be canceled according to its terms without sending notice to the alternate employer.
>
> Part Four (Your Duties If Injury Occurs) applies to you and the alternate employer. The alternate employer will recognize our right to defend under Parts One and Two and our right to inspect under Part Six.
>
> Schedule
>
> **1. Alternate Employer**
>
> AN ALTERNATE EMPLOYER WITH WHOM YOU HAVE A WRITTEN CONTRACT THAT REQUIRED THIS POLICY TO APPLY AS THOUGH THE ALTERNATE EMPLOYER IS AN INSURED.
>
> **Address**
>
> **2. State of Special or Temporary Employment**
>
> ALL STATES LISTED IN ITEM 3.A. OF THE INFORMATION PAGE
>
> **3. Contract or Project**
>
> ALL
>
> \*\*\*

19. The Policy obligates BRIGHT VIEW to "promptly" notify AZIC of demands and legal papers related to an injury, claim, proceeding or suit.

20. BRIGHT VIEW failed to promptly notify AZIC of the Underlying Suit, despite it having notice of the Underlying Suit.

21. Based upon the plain and unambiguous terms and conditions of the Policy, AZIC is not obligated to defend or indemnify BRIGHT VIEW relative to the Underlying Suit.

**DECLARATORY JUDGMENT**

Confidential \ Non Personal Data

22. AZIC realleges and incorporates the allegations contained in Paragraphs 1-21 above as if fully set forth herein.

23. An actual, justiciable controversy exists between AZIC and BRIGHT VIEW and WIGGINS regarding AZIC's obligations under the Policy within the meaning of 28 U.S.C. § 2201 as demonstrated by the facts alleged herein.

24. Accordingly, AZIC is uncertain as to its rights, duties, and obligations with respect to the Policy.

25. A bona fide, actual, and present need for a declaration exists.

26. The declaration requested concerns a present, ascertained or ascertainable state of facts or present controversy as to a state of facts.

27. A privilege or right of AZIC is dependent upon the facts or the law applicable to the facts.

28. The parties have an actual, present, adverse, and antagonistic interest in the subject matter, either in law or in fact.

29. The relief sought by AZIC is not merely the giving of legal advice or the answer to questions propounded for curiosity.

30. Accordingly, AZIC seeks an Order from this Court declaring that AZIC has no duty to defend or indemnify BRIGHT VIEW in the Underlying Suit brought by WIGGINS.

31. Further, AZIC seeks an Order awarding AZIC such other relief as the Court deems proper.

WHEREFORE, the Plaintiff, AMERICAN ZUIRICH INSURANCE COMPANY, respectfully requests that this Court resolve this controversy pursuant to FED. R. CIV. P. 57 and 28 U.S.C.A. § 2201 and determine the rights and obligations of the parties under the insurance

Confidential \ Non Personal Data

contract relative to the Underlying Suit, including a declaration that AMERICAN ZURICH INSURANCE COMPANY has no duty to defend or indemnify BRIGHTVIEW LANDSCAPE SERVICES, INC.

Respectfully submitted this 28th day of October, 2020,

*Attorneys for Plaintiff, AMERICAN ZUIRICH INSURANCE COMPANY*
1221 Brickell Avenue, 19th Floor
Miami, Florida 33131
(305) 416-3180 – Phone
(305) 416-3190 – Fax

__/s/ Stephen Hunter Johnson_____
STEPHEN HUNTER JOHNSON
Florida Bar No.: 12362
shj@lydeckerdiaz.com

Confidential \ Non Personal Data